(No. 1761—

S. J. Groves & Sons Company, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed January 9, 1934.*
*Supplemental opinion on petition for rehearing filed May 8, 1934.*

Noah Gullett, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

This claim was filed April 30, 1931, seeking to recover damages in the sum of $2,495.70, alleged to have been sustained by reason of a change in plans in a contract for widening a highway and known as Section 11-y, State Bond Issue Route 18 in Kane and DuPage counties. The contract price was $159,986.52. In the declaration claims for damages are alleged for two items, one for a reduction of 15,807 cubic yards, Class "A" excavation which at the unit price of 32c

amounted to $5,058.24; and the other for a deduction of 46,258 square yards of shoulders, which at the unit price of 5c amounted to $2,312.90.

In a stipulation filed in said cause, it is agreed that if the claimant is found to be entitled to recover, the amount of the award should be Twenty-three Hundred Twelve and 90/100 Dollars ($2,312.90). When the contract was made, the specifications contemplated the construction of earth shoulders ten (10) feet wide, and from the evidence it appears that because additional right-of-way could not be obtained, it was found impracticable to construct ten feet shoulders and the latter were actually constructed of a width of four (4) feet. Claimant contends that while there was less excavation handled, their loss and damage was not only the decreased payment for excavation, but that the excavation and construction of a four foot shoulder involved greater labor and of a more expensive character than if they could have constructed ten foot shoulders as contemplated in the contract.

Under the proposal submitted to the State preliminary to the contract in question, it is provided in Section Eight that if the engineer decides to extend or shorten the improvement, or otherwise alter it by extras or deductions, including the elimination of any one or more of the items by an amount not to exceed twenty-five per cent of the total money value of the original contract price, or contract price corrected as provided in the specifications, the contractor will perform the work as altered, increased or decreased at the contract unit price.

The standard specification for road and bridge construction relied upon by claimant and respondent respectively are as follows:

"4.3. INCREASED OR DECREASED QUANTITIES OF WORK.] The Department reserves the right to alter the quantities of work to be performed or to extend or shorten the improvement, provided the total price for all such alterations, extensions or deductions does not exceed twenty-five (25) per cent of the original contract price, or contract price corrected as provided in Article 2.2. Should any of the changes provided herein be made, the contractor shall perform the work as altered, increased, or decreased at the contract price. No allowance will be made for any change in anticipated profits nor shall such changes be considered as waiving or invalidating any condition or provision of the contract."

"4.4. ALTERATIONS IN PLANS AND SPECIFICATIONS.] The Department reserves the right to make such changes in the plans and in the character of

the work as may be necessary or desirable to insure completion in the most satisfactory manner, provided such changes do not materially alter the original plans and specifications. Such changes shall not be considered as waiving or invalidating any condition or provision of the contract."

There is no dispute by the claimant and respondent as to the provisions of the contract or the construction work actually done. Claimant knew, at the time he filed his proposal, of Section 8 above stated, and when claimant signed the contract for the work in question, he knew of the foregoing provisions relative to a decrease in the quantity of work. Claimant contends that the change from a ten foot to a four foot shoulder was a material alteration in the original plans and specifications. The court is of the opinion that the construction of the hard road or slab was the principal or major factor in the contract, with such necessary earth shoulder as was essential to a completion of the project in chief; further that any alteration or deduction in the width or character of the earth shoulders or other matters incidental to the construction of said pavement proper are matters intended to be included and contemplated under Section 4.3 of the standard specifications for road and bridge construction. As the total contract price was One Hundred Fifty Thousand Dollars ($150,000.00), and the alterations or deduction for the two items of increased cost and decreased excavation amounted to only Seventy-three Hundred Seventy-one and 14/100 Dollars ($7,371.14), or less than five per cent, with a declared loss of Twenty-three Hundred Twelve and 90/100 Dollars ($2,312.90), the total price for such alteration or deduction is therefore within the twenty-five per cent provision in Section 4.3 of the standard specifications and the claimant is entitled to no award. Any award that might be made would have to be as extra compensation, contrary to provisions of Section 4.3 above set forth. Under Section 19, Article 4 of the Constitution, as cited by the Attorney General, such grant of extra compensation can not legally be allowed by this court herein. Claim is denied and case dismissed.

SUPPLEMENTAL OPINION ON PETITION FOR REHEARING.

MR. JUSTICE YANTIS delivered the opinion of the court:
The original opinion was filed herein denying claim on January 9th, 1934. The claimant, on February 14th, 1934, filed its petition with the clerk of this court for a rehearing.

The petition not having been filed within the time limits prescribed by Rule 33 of the court, the petition is not properly before the court.

In addition thereto, the petition fails to show any matter or thing which, if shown or proven on a rehearing, might invite a different opinion than the one heretofore rendered.

The court finds that there is no cause shown for a rehearing, and the petition for a rehearing is denied.